**Corrected**

# In the United States Court of Federal Claims

No. 20-911T
(Filed: October 20, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KIRELL F. TAYLOR,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

    Plaintiff, appearing *pro se*, filed his complaint on July 17, 2020, alleging what appears to be a tax refund claim, and later filed a motion to proceed *in forma pauperis* on August 12, 2020.[1] Although 28 U.S.C. § 1915 generally allows the prosecution of lawsuits in the federal courts by prisoners without the payment of filing fees upon a showing of the inability to pay, 28 U.S.C. § 1915(a) (2018), it also prohibits proceeding without paying the filing fee if a prisoner "has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915(g). As a cursory search of his filing history in the district courts reveals, Mr. Kirell F. Taylor is prohibited from bringing a civil action without paying the filing fee. *See*, *e.g.*, *Kirell Francis Bettis Trust v. IRS*, No. 1:19-cv-01342, 2019 U.S. Dist. LEXIS 170679, at * 2-3 (E.D. Cal. Oct. 1, 2019) (Order dismissing action for failure to pay the filing fee and citing eight prior actions dismissed as frivolous or failing to state a claim). Having failed to pay the fee, dismissal

---

[1] Plaintiff has also asked that the case caption be amended to include the trust that exists in his name. We need not reach this motion (ECF No. 7) because the complaint must be dismissed.

is appropriate given the purpose of section 1915(g).  *E.g. Resendez v. United States*, 96 Fed. Cl. 283, 287-88 (2010).

We note also that, even if dismissal for failure to pay the fee was inappropriate, we would dismiss the complaint *sua sponte* for lack of jurisdiction.  Defendant filed a motion to dismiss on October 15, 2020. Plaintiff has not responded to date.  We need not wait for a response, however, because it is clear on the face of the complaint that we lack jurisdiction.  Mr. Bettis-Taylor filed his complaint on July 17, 2020.  The complaint filed *pro se*, states that it is an action under "28 U.S.C. sections 1491-1509, 6511, 7422, 7433."  Plaintiff appears to seek a tax refund for the 2015, 2016, 2017, 2018, and 2019 taxable years.  Plaintiff requests an order (1) requiring the IRS to "award" $151,987,785,882.00 to the California Franchise Tax Board, (2) requiring the IRS and the Secretary of Treasury to "award" $151,987,785,882.00 to the Treasury of the United States; and (3) requiring the IRS and Treasury to "award" $6,000,000,000.00 to the "fiduciary" Kirell F. Taylor, pursuant to 26 U.S.C. § 7623(b).

Plaintiff bears the burden of establishing the court's jurisdiction over his claim.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).  The court must dismiss a complaint when it finds that it lacks jurisdiction.  Rule 12(h)(3).  The court "consider[s] the facts alleged in the complaint to be true and correct," but when defendant challenges the jurisdictional facts, the court may consider relevant evidence to determine whether it has jurisdiction.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).

Plaintiff did not clearly identify a statute which grants jurisdiction to the United States Court of Federal Claims.  The relief requested in the complaint appears to be a claim for refund.  Congress granted the Court of Federal claims the authority to entertain tax refund suits. See 28 U.S.C. § 1346(a).  To bring suit for a tax refund, the taxpayer must make a full payment of his tax liabilities and file a timely claim for refund with the IRS. *See Flora v. United States*, 357 U.S. 63, 75 (1958); I.R.C. § 7422(a).  Thus, this court's jurisdiction is limited to those claims where the taxpayer has fully paid all taxes assessed for the year at issues prior to filing suit.  *See Flora*, 357 U.S. at 75.  Additionally, prior to filing a complaint in this court, the taxpayer must timely file a claim with the IRS and await a denial of the

2

refund claim or the claim must be deemed denied. I.R.C. § 6532(a). Lastly, standing in a tax refund suit requires the plaintiff to be the one against whom the tax in question was assessed. *See, e.g., Ellison v. United States*, 558 F. Supp. 158, 160 (W.D. Mo. 1982).

Plaintiff fails to meet his burden to establish jurisdiction. Plaintiff's payments are based on the alleged "Instrument," which this court has already determined in a prior suit to be frivolous and without value. *Bettis v. United States*, No. 17-766T, 2017 Fed. Cl. LEXIS 1685, at *14 (2017). Additionally, plaintiff's IRS records show that he has not made payments, in neither his individual capacity nor on behalf of his alleged trust, entitling him to a refund of taxes. Instead, it appears plaintiff has filed many amended returns and filings that were deemed frivolous tax returns. Plaintiff's failure to make tax payments bars him from maintaining an action for a refund of taxes under the full payment rule. *Flora*, 357 U.S. at 75.

Plaintiff also asks the court to "award" $151 billion to the California Franchise Tax Board and to the Treasury of the United States, based on a payment from his "Irrevocable Floating Line of Credit." This court previously found that these purported payments were frivolous and without value. Further, plaintiff failed to demonstrate that it would have standing to bring suit for tax refund on behalf of a third-party entity. *Saladino v. United States*, 62 Fed. Cl. 782, 793 (2004).

Finally, plaintiff appears to make a claim under a whistle-blower statute, I.R.C. § 7623(b), by requesting that the Court "award" $6 billion to "the fiduciary Kirell F. Bettis-Taylor." This statute generally requires the IRS to pay an award of between 15% and 30% of the proceeds collected based upon a whistleblower's information. Whistleblowers may file a petition with the United States under I.R.C. § 7623(b)(4) if they are dissatisfied with the amount of the award. However, the Court of Federal Claims lacks jurisdiction over any whistleblower claim under this statute, as the grant of jurisdiction of these claims is exclusive to the United States Tax court. *See. e.g.*, *Capeloulo v. United States*, 99 Fed. Cl. 682, 691 (2011).

Because plaintiff is not eligible to proceed in forma pauperis, has not paid the filing fee, and has brought an action that is clearly outside of our

jurisdiction, the case must be dismissed. Accordingly, the following is ordered:

1. Plaintiff's motion to proceed *in forma pauperis* is denied.

2. The clerk's office is directed to return the document received on October 6, 2020, to plaintiff unfiled.

3. All other pending motions are denied as moot.

4. The Clerk of Court is directed to dismiss the complaint for failure to pay the filing fee and to enter judgment accordingly.

5. The Clerk's Office is directed not to receive any further filings from the individual absent consultation from undersigned or another judge of this court.

<u>s/Eric G. Bruggink</u>
ERIC G. BRUGGINK
Senior Judge